**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **REBECCA GRAVEL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No.: 8:05-CV-1118-T-17EAJ** |
| ) | |
| **JO ANNE B. BARNHART** ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g) et seq., to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.    Standard of Review**

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g)(2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, the court may not decide the facts anew or substitute its

---

[1] The District Judge referred this case to the undersigned for a report and recommendation.

judgment as to the weight of the evidence for that of the Commissioner.  <u>Goodley v. Harris</u>, 608 F.2d

234, 236 (5th Cir. 1979).[2]

If the Commissioner committed an error of law, the case must be remanded to the

Commissioner for application of the correct legal standard.  <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 534

(11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision

that the proper legal standards were applied, then a remand to the Commissioner for clarification is

required.  <u>See</u> <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

## II.        Factual Background

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Social Security

Insurance (SSI) on September 20, 2001, claiming an onset of disability beginning May 3, 2001. (T

58, 73)  Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a

decision issued on February 19, 2004. (T 16-27)  The Appeals Council declined to review the ALJ's

decision (T 5-8), making the ALJ's decision the final decision of the Commissioner.

The ALJ found that Plaintiff was not eligible for DIB or SSI benefits and was not disabled

at any time through February 19, 2004. (T 26) Although according to the ALJ Plaintiff could not

return to her past relevant work, she retained the residual functional capacity ("RFC") to perform

a limited range of light work.[3] (T 26)  The ALJ found that there were jobs existing in significant

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit.  <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F. 2d 1206, 1209 (11th Cir. 1981) (<u>en</u> <u>banc</u>)).

[3]  In the body of his opinion, the ALJ states both that Plaintiff retains the RFC for a "significant range of light work" (T 24) and for a "limited range of light work" (T 23).  In the section containing the ALJ's findings, however, he concludes that Plaintiff's RFC permits her to perform a "limited range of light work." (T 26) That the ALJ's RFC finding is that of a "limited range of light work" does not appear to be in dispute.

numbers in the economy that Plaintiff could perform given her RFC. (Id.)

Plaintiff timely filed a petition for judicial review of the Commissioner's denial of benefits. Plaintiff alleges that the ALJ failed to make the proper credibility findings as to Plaintiff's testimony and the testimony of other witnesses, erred in determining that Plaintiff did not suffer from a severe impairment, improperly discredited Plaintiff's complaints of pain and non-exertional mental impairments, and posed a hypothetical question that failed to properly consider Plaintiff's mental health limitations. (Dkt. 13 at 3)  Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff was 48 years old at the time of the administrative hearing on October 21, 2003. (T 431) She attended high school through the 12th grade with past relevant work experience as a secretary, cook helper, waitress, hand sander, shelter manager, and teacher. (T 17, 434-437) Plaintiff argues that she has been unable to work due to Hepatitis C, weak knees and ankles, numbness, pain, fatigue, bladder problems, depression, and a panic disorder. (T 17)

Following the administrative hearing, the ALJ determined that the above impairments are severe, "but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No.4." (T 20)  The ALJ found that Plaintiff could perform work as a surveillance system monitor and final assembler. (T 24)  In reaching his conclusion that Plaintiff had not been under a disability since May 3, 2001, the date she filed her application for benefits, the ALJ found that Plaintiff's testimony was not fully credible. (T 26)

**III.    Discussion**

Plaintiff argues that the ALJ erred in: (1) failing to make proper credibility findings regarding Plaintiff's and other witnesses' testimony; (2) determining that Plaintiff did not suffer

from a severe Hepatitis C impairment; (3) improperly discrediting claimant's complaints of pain and non-exertional mental impairments; and (4) posing a hypothetical question that did not consider Plaintiff's mental health limitations. (Dkt. 13 at 3)

### A. ALJ's Credibility Findings

Plaintiff contends that the ALJ "waived his ability to dispute" Plaintiff's credibility when he declined to hear the testimony of Plaintiff's sister, who was prepared to corroborate Plaintiff's description of her subjective complaints and daily activities. (Dkt. 13 at 6) Thus, if her testimony is accepted as true, Plaintiff argues, there are no jobs in the economy she could perform, and she is disabled. (Id.)

The ALJ has a basic duty to develop a full and fair record. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). Consequently, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole, including "(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) *subjective evidence of pain and disability as testified to by the claimant and corroborated by . . . other members of his family . . .*, and (4) the claimant's age, education, and work history." DePaepe v. Richardson, 464 F.2d 92, 94 (5th Cir. 1972) (emphasis added). These elements must be considered together and in combination with one another; a single factor is not in and of itself conclusive. See Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). It is, moreover, the function of the Commissioner and not the courts to resolve conflicts in the evidence and to assess the credibility of the witnesses. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991).

At the hearing before the ALJ, Plaintiff testified as to her daily activities, among other topics. Plaintiff stated that she has a "bad attitude" and no hobbies or interests. (T 22, 450-451) She testified that she sleeps erratically and for only two hours at a time, that she feels hopeless and has suicidal thoughts, and that she has panic attacks when she leaves the house or drives. (Id.) After Plaintiff's testimony concluded, her counsel indicated that Plaintiff's sister, Patricia Jenkins ("Ms. Jenkins"), was available to testify "if there's any questions with regard to credibility and [Plaintiff's] daily activities." (T 454) The ALJ replied, "None whatsoever." (Id.)

The ALJ concluded that Plaintiff could perform work as a surveillance system monitor and a final assembler. (T 24) However, Plaintiff's counsel asked the vocational expert ("VE"), Steven Simon, Ph.D. ("Dr. Simon"): "In the event that the statements of the Claimant were credible with regard to the amount of time that she needs to rest and the number of days that she spends in bed . . . would that preclude her from working in these positions you've described? . . . Would that preclude her from doing any work activity?" (T 467) Dr. Simon responded in the affirmative. (Id.)

The ALJ specifically found that "claimant's allegations regarding her limitations are not totally credible." (T 26) Although Plaintiff testified that she was unable to walk or stand for more than five minutes at a time, the ALJ noted that Plaintiff told Alexis Henderson, M.D. ("Dr. Henderson") that her pain was relieved by medication. (T 22, 446) The ALJ also noted that, according to Dr. Henderson, Plaintiff had no functional impairment for sitting, standing, walking, speaking, hearing, or manipulating. (T 22) Regarding Plaintiff's knee problems, the ALJ acknowledged that an MRI of Plaintiff's knee showed some degeneration of the menisci but no significant problems with her ligaments. (T 19) The ALJ found no evidence to support Plaintiff's allegations that she required a cane to walk in light of Dr. Henderson's notation that she "required

5

no assistive device for ambulation." (T 23, 150) As for Plaintiff's depression, which had been diagnosed, the ALJ determined that "the claimant's testimony concerning the intensity of her symptoms are inconsistent with the evidence of record." (T 22)

The ALJ's opinion references some medical evidence in the record that supports his finding that Plaintiff's testimony was not fully credible. The question remains, however, whether his finding is based on substantial evidence. The ALJ specifically declined to hear Ms. Jenkins' testimony regarding Plaintiff's daily activities and expressly stated that Plaintiff's credibility was not at issue. According to the Commissioner's memorandum of law, the ALJ did not err because both Plaintiff's counsel and the ALJ believed that such testimony would be "duplicative." (Dkt. 14 at 6) However, basing such a finding on the present record is not justified. By stating that Plaintiff's credibility was not at issue, the ALJ gave Plaintiff's attorney the erroneous impression that the ALJ credited Plaintiff's testimony as to the effect of her impairments. The ALJ's subsequent decision shows that he did, in fact, question Plaintiff's credibility in the final analysis.

Even if the ALJ did not expressly refuse to hear the testimony of this lay witness, by suggesting to counsel, erroneously as it later turned out, that no corroboration of Plaintiff's testimony was needed, Plaintiff was denied a full and fair hearing and the opportunity to present favorable evidence. This error cannot be regardless as harmless under the circumstances of this case. As Plaintiff points out, the VE opined that there would be no jobs Plaintiff could perform if her testimony concerning her need to rest and the number of days she lies in bed was credited. (T 467) Therefore, a remand is required. See generally Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (noting that "lay witness testimony as to claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without

comment.")   Thus, the undersigned recommends remanding the case to the ALJ to develop the record fully by permitting Plaintiff to present her sister's testimony at a reopened hearing.  On remand, the ALJ should consider Ms. Jenkins' testimony, in addition to the evidence already of record, in determining the credibility of the Plaintiff's testimony regarding the effect of her impairments.

### B.     Other Arguments for Remand

Plaintiff also argues that the ALJ erred in discrediting Plaintiff's subjective complaints of pain and her testimony regarding her non-exertional mental limitations[4], that the ALJ submitted an incomplete hypothetical to the VE that did not include information regarding Plaintiff's constant pain, headaches, and fatigue, and that the ALJ erred when he discounted her complaints of fatigue and pain associated with her Hepatitis C diagnosis. (Dkt. 13 at 7, 9-10)  The court does not need to address these issues at this time as the findings of the ALJ may change upon remand.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (if a case is remanded on certain grounds, it may be unnecessary to review other objections to the ALJ's conclusion).  Because errors of law were committed as to issue one, review of the latter three issues is unnecessary at this point.

### C.     Conclusion

Because the ALJ made an adverse credibility finding, the ALJ erred in declining to hear Plaintiff's proffered lay witness, Ms. Jenkins.  Thus, remand is required.  However, this court expresses no views as to what ultimate determinations the ALJ should make on the issues Plaintiff raises.  Both sides should be afforded an opportunity to present evidence on the issues remaining

---

[4] The ALJ applied the Eleventh Circuit's three-part pain standard in reaching his conclusion that Plaintiff's allegations of functional limitations are inconsistent with the evidence. (T 22) See Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986).

7

for determination.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) the decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings consistent with the forgoing; and

(2) the Clerk of Court enter final judgment in accordance with 42 U.S.C. § 405(g) as a "sentence four" remand and close the file, with each party bearing his own costs and expenses.

**DONE** and **ORDERED** in Tampa, Florida on this 12th day of July, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from

attacking the factual findings on appeal and a de novo determination by a District Judge.  See 28 U.S.C. 636 (b)(1).